ELECTRONIC

**June 9, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

CASE NO.: **08-CV-21637-Cooke-Bandstra**

(Ancillary Proceeding to case No. 06-20975-Civ-Huck/Simonton)

MICHAEL I. GOLDBERG, as Receiver
for Worldwide Entertainment, Inc.,
The Entertainment Group Fund, Inc.,
American Enterprises, Inc., and
Entertainment Funds, Inc.,

      Plaintiff,

v.

DAVID BREHM,

                Defendant.

_____/

## RECEIVER'S COMPLAINT TO AVOID
## FRAUDULENT TRANSFERS AND FOR RELATED RELIEF (PROFITS)

Michael I. Goldberg (the "Receiver"), as Receiver for Worldwide Entertainment, Inc. ("Worldwide"), The Entertainment Group Fund, Inc. ("TEGFI"), American Enterprises, Inc. ("AEI") and Entertainment Funds, Inc. ("EFI"), and their subsidiaries, successors and assigns (collectively the "Receivership Entities"), by and through undersigned counsel, hereby sues DAVID BREHM ("Defendant") and alleges:

### GENERAL ALLEGATIONS

1.     The Receiver was appointed by the United States District Court for the Southern District of Florida pursuant to this Court's Order dated April 20, 2006 (the "Receivership Order") in the action styled: *Securities and Exchange Commission v. Jack P. Utsick, Robert Yeager, Donna Yeager, Worldwide Entertainment, Inc., The Entertainment Group Fund Inc., American Enterprises, Inc., and Entertainment Funds, Inc.*, Case Number 06-20975-CIV-HUCK (the "SEC

Receivership") (the Receivership Entities, Jack Utsick ["Utsick"], Robert Yeager and Donna Yeager [jointly the "Yeagers"] are collectively referred to herein as the "Receivership Defendants").

2.     Under the terms of the Receivership Orders, the Receiver is authorized to investigate the affairs of the Receivership Entities, to marshal and safeguard these entities' assets, and to institute legal proceedings for the benefit and on behalf of the Receivership Entities' investors and other creditors against individuals or entities which the Receiver claims have improperly received funds traceable from investors in the Receivership Entities, including but not limited to actions seeking constructive trusts, disgorgement of profits and recovery and avoidance of fraudulent transfers under Florida Statute § 726.101, *et seq.* or otherwise.

3.     Pursuant to the Receivership Order, the Court contemplated the Receiver bringing this action on behalf of the Receivership Entities who have claims against the Defendants. Additionally, AEI and or the LLCs (defined below) are creditors of TEGFI and Worldwide. Also, Worldwide and TEGFI are creditors of AEI and or the LLCs by virtue of the fact that AEI and or the LLCs and its principals made false and misleading statements to persons who were offered and sold Worldwide and TEGFI securities which has made Worldwide and TEGFI liable for AEI's and or the LLCs' misstatements and omissions to the purchasers of such securities. Furthermore, the Receiver is a creditor of TEGFI by virtue of that certain Assignment of claim pursuant to which Marvin J. Barry irrevocably assigned his claim against the Receivership Entities to the Receiver.  Finally, the Receiver is a creditor of AEI by virtue of that certain assignment of claim pursuant to which Donald R. Lehman irrevocably assigned his claim against AEI to the Receiver.

## JURISDICTIONAL AND VENUE ALLEGATIONS

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 754 and 1692.

5.      This complaint is brought to accomplish the objectives of the Receivership Order and is thus ancillary to the Court's exclusive jurisdiction over the receivership estate.  Pursuant to the principles of ancillary jurisdiction or supplemental jurisdiction under 28 U.S.C. § 1367, this Court in civil action, *Securities and Exchange Commission v. Jack P. Utsick, et al.*, Case Number 06-20975-CIV-HUCK, has supplemental jurisdiction over the claims set forth herein. Hence, venue is also proper in this Court.

6.      The Court has personal jurisdiction over the Defendant pursuant to 28 U.S.C. §§ 754 and 1692.

## FACTS

7.      On April 18, 2006, the Securities and Exchange Commission ("SEC") filed its Complaint For Injunctive and Other Relief (the "Complaint") against the Receivership Defendants.  The SEC alleged that Utsick and the Yeagers, through the Receivership Entities, sold unregistered securities in the form of loan agreements or units in special purpose limited liability companies to raise funds for a variety of entertainment ventures, violating various sections of the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act").

8.      More specifically, the SEC alleged that all of the Receivership Defendants violated sections 5(a), 5(c), 10(b) and 17(a) of the Securities Act and that the Yeagers, AEI and EFI, violated section 15(a) of the Exchange Act.

9.      The SEC sought a permanent injunction against the Receivership Defendants to restrain them from any further securities law violations.

{FT491171;1}

10.    Additionally, the SEC sought (1) an order requiring the Receivership Defendants to provide a sworn accounting of all proceeds they received, directly or indirectly, as a result of the securities law violations; (2) an order requiring the Receivership Defendants to disgorge, with prejudgment interest, any ill-gotten gains they received; (3) the imposition of civil penalties pursuant to section 20(d) of the Securities Act and section 21(d)(3) of the Exchange Act; (4) an order freezing the Receivership Defendants' assets pending resolution of the matter; and (5) the appointment of a receiver over the Receivership Entities.

11.    The SEC Receivership Case is pending before the Honorable Paul Huck.

12.    On April 20, 2006, upon the request of the SEC, the Receivership Court entered the Receivership Order appointing the Receiver as receiver over the Receivership Entities, their subsidiaries, successors and assigns (collectively, also the "Receivership Entities"). Immediately after the SEC commenced its suit, each Receivership Defendant voluntarily consented to the entry of a Permanent Injunction preventing them from continuing to violate the securities laws as well as the other relief requested by the SEC, including disgorgement of ill-gotten gains.

13.    Prior to the receivership, Worldwide was the second largest concert promoter in the world promoting thousands of concerts throughout the world.   Worldwide owns and/or operates entertainment venues and has other assets located across Europe, Australia, and the United States. The Receivership Entities funded these shows and entertainment ventures by raising hundreds of millions of dollars from thousands of investors.

14.    At all material times hereto, AEI raised monies for investment in TEGFI and Worldwide. Often, limited liability companies ("LLCs") were formed by AEI for a particular project or types of projects with AEI serving as manager of the LLCs. The LLCs were alter-egos of AEI.  The LLCs also acted as conduits for AEI.

15.     Subsequent to his appointment, the Receiver determined that although Worldwide had legitimate business operations, contrary to representations made to investors, Worldwide and its related entities had not operated profitably since at least 1997.  Consequently, the Receiver determined that so-called "profit payments" made to investors by the Receivership Defendants could have only come from money raised from other investors and as such the Receivership Entities were operated as classic Ponzi schemes.

16.     Since his appointment, the Receiver and his professionals have attempted to locate and secure money illegally raised from investors by the Receivership Defendants and the proceeds thereof.  To that extent, the Receiver has initiated lawsuits against persons who illegally diverted assets from the Receivership Entities' possession.

17.     All payments were made from bank accounts owed by the Receivership Entities.  Each check was made payable to the investor by name or some other investor designated entity.

18.     TEGFI paid Defendant the sum of $135,000.00, as reflected in **Exhibit "A"** which is attached and incorporated herein, in excess of Defendant's original investment (the "Profit Payments").

19.     All conditions precedent to the bringing of this action have been met or have been fulfilled.

## FIRST CLAIM FOR RELIEF - FRAUDULENT TRANSFER
### (Florida Statute § 726.105([1][a])

20.     The Receiver realleges and reavers paragraphs 1 through 19 as if fully set forth herein.

21.     This claim seeks to set aside the Profit Payments paid to Defendant by TEGFI pursuant to Florida  Statute § 726.105(1)(a).

22.     The Profit Payments were made with actual intent to hinder, delay or defraud the TEGFI's creditors.

23.     The Receiver may avoid the Profit Payments pursuant to Florida Statute § 726.105(1)(a).

**WHEREFORE**, the Receiver respectfully requests that this Court enter a judgment and find as follows:

a.      determine that the Profit Payments set forth above are fraudulent and avoidable pursuant to § 726.105(1)(a) of the Florida Statutes;

b.      enter judgment in his favor and against Defendant in the amount of the Profit Payments, together with interest and costs; and

c.      such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF - FRAUDULENT TRANSFER
### (Florida Statute § 726.105 [1][b])

24.     The Receiver realleges and reavers paragraphs 1 through 19 as if fully set forth herein.

25.     This claim seeks to set aside the Profit Payments paid to Defendant by TEGFI pursuant to Florida Statute § 726.105(1)(b).

26.     TEGFI did not receive a reasonably equivalent value in exchange for the Profit Payments.

27.     When the Profit Payments were made, TEGFI was engaged in a business or transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

28.    When the Profit Payments were made, TEGFI intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

**WHEREFORE**, the Receiver respectfully requests that this Court enter a judgment and find as follows:

a.    determine that the Profit Payments set forth above are fraudulent and avoidable pursuant to § 726.105(1)(b) of the Florida Statutes;

b.    enter judgment in his favor and against Defendant in the amount of the Profit Payments, together with interest and costs; and

c.    such other and further relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF - FRAUDULENT TRANSFER
### (Florida Statute § 726.106 [1])

29.    The Receiver realleges and reavers paragraphs 1 through 19 as if fully set forth herein.

30.    This claim seeks to set aside the Profit Payments to Defendant by TEGFI pursuant to Florida Statute § 726.106(1).

31.    TEGFI did not receive a reasonably equivalent value in exchange for any of the Profit Payments made.

32.    TEGFI was insolvent at the time of the transfers, or became insolvent as a result of the transfers.

**WHEREFORE**, the Receiver respectfully requests that this Court enter a judgment and find as follows:

a.    determine that the Profit Payments set forth above are fraudulent and avoidable pursuant to § 726.106(1) of the Florida Statutes;

b.      enter judgment in his favor and against Defendant in the amount of the Profit Payments, together with interest and costs; and

c.      such other and further relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF – UNJUST ENRICHMENT

33.     The Receiver realleges and reavers paragraphs 1 through 19 as if fully set forth herein.

34.     This is a claim for unjust enrichment.

35.     TEGFI conferred a benefit on the Defendant in the form of transferring monies to the Defendant.

36.     The Defendant knowingly and voluntarily accepted and retained the benefit conferred by TEGFI.

37.     The circumstances are such that it would be inequitable and unjust for the Defendant to retain the benefit conferred by TEGFI without paying the Receiver the value thereof.

38.     The Defendant has been unjustly enriched at the expense of TEGFI (and, ultimately, their investors).

39.     The Receiver is entitled to the return of those amounts in which the Defendant was unjustly enriched through disgorgement or any other appropriate remedy.

**WHEREFORE,** the Receiver respectfully requests this Court enter judgment in his favor and against the Defendant in the amount that the Defendant was unjustly enriched, together with interest and costs, and for such further relief as the Court may deem just and proper.

Respectfully submitted,

**AKERMAN SENTERFITT**
*Attorneys for Receiver, Michael I. Goldberg*
Las Olas Centre II
350 East Las Olas Boulevard
Suite 1600
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224

By: _____

Joanne Gelfand, Esq.
Florida Bar Number: 515965
E-Mail: joanne.gelfand@akerman.com
Tarek K. Kiem
Florida Bar No. 637041
E-Mail: tarek.kiem@akerman.com

{FT491171;1}

EXHIBIT "A"

David Brehm-Investment History

| Date | Amount Invested | Amount Received | Running Balance |
|------|-----------------|-----------------|-----------------|
| 11/25/1997 | $50,000.00 | $0.00 | $50,000.00 |
| 2/5/2004 | $0.00 | $10,000.00 | $40,000.00 |
| 2/5/2004 | $0.00 | $40,000.00 | $0.00 |
| 5/12/2004 | $0.00 | $10,000.00 | -$10,000.00 |
| 7/29/2004 | $0.00 | $10,000.00 | -$20,000.00 |
| 10/25/2004 | $0.00 | $10,000.00 | -$30,000.00 |
| 2/7/2005 | $0.00 | $10,000.00 | -$40,000.00 |
| 3/14/2005 | $0.00 | $10,000.00 | -$50,000.00 |
| 3/14/2005 | $0.00 | $10,000.00 | -$60,000.00 |
| 6/14/2005 | $0.00 | $25,000.00 | -$85,000.00 |
| 8/3/2005 | $0.00 | $20,000.00 | -$105,000.00 |
| 8/3/2005 | $0.00 | $10,000.00 | -$115,000.00 |
| 10/26/2005 | $0.00 | $20,000.00 | -$135,000.00 |
| | $50,000.00 | $185,000.00 | |

**Net Profit Payments: $135,000**

**JS 44** (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Michael I. Goldberg, as Receiver for Worldwide Entertainment, et al.

**DEFENDANTS**
David Brehm,

**(b)** County of Residence of First Listed Plaintiff   Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Warren
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Joanne Gelfand, Esq.
Akerman Senterfitt          (954) 463-2700
350 E. Las Olas Blvd., #1600, Ft. Lauderdale, FL 33301

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☑ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

*handwritten: 08CV 21637 — Cooke - Bandstra*

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO          b) Related Cases ☑ YES ☐ NO

JUDGE   see attached Exhibit "A"          DOCKET NUMBER   see attached Exhibit "A"

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 U.S.C. § 754
Receiver of Property in Different Districts
LENGTH OF TRIAL via   1   days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $   135,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD          DATE   6/9/08

FOR OFFICE USE ONLY
AMOUNT   350          RECEIPT #          IFP

*handwritten: BH 3360*

## EXHIBIT "A"

1)   06-20975 (Huck)
2)   07-22756 (Huck)
3)   07-22783 (Huck)
4)   07-22785 (Huck)
5)   07-22881 (Huck)
6)   07-22882 (Huck)
7)   07-22883 (Huck)
8)   07-22944 (Huck)
9)   07-22945 (Huck)
10)  07-22960 (Huck)
11)  07-22961 (King)
12)  07-23100 (Huck)
13)  07-23101 (Huck)
14)  07-23102 (Huck)
15)  07-23103 (Huck)
16)  07-23129 (Huck)
17)  07-23130 (Huck)
18)  07-23230 (Huck)
19)  08-20223 (Huck)
20)  08-20292 (Huck)
21)  08-20315 (Jordan)
22)  08-20360 (Seitz)
23)  08-20361 (Ungaro)
24)  08-20384 (King)

25)  08-20404 (Huck)
26)  08-20415 (Huck)
27)  08-20416 (Huck)
28)  08-20417 (Jordan)
29)  08-20418 (Huck)
30)  08-20419 (Huck)
31)  08-20420 (Huck)
32)  08-20421 (Huck)
33)  08-20422 (Huck)
34)  08-20423 (Huck)
35)  08-20430 (Huck)
36)  08-20431 (Huck)
37)  08-20432 (Huck)
38)  08-20433 (Huck)
39)  08-20435 (Huck)
40)  08-20436 (Huck)
41)  08-20689 (Cooke)
42)  08-20691 (Gold)
43)  08-20756 (Huck)
44)  08-20757 (Gold)
45)  08-20877 (Huck)
46)  08-20942 (Huck)
47)  08-20943 (Huck)
48)  08-20944 (Huck)

49)   08-21065 (Huck)
50)   08-21066 (Huck)
51)   08-21067 (Huck)
52)   08-21068 (Martinez)
53)   08-21069 (Moreno)
54)   08-21070 (Martinez)
55)   08-21071 (Huck)
56)   08-21072 (Huck)
57)   08-21073 (Moreno)
58)   08-21074 (Huck)
59)   08-21075 (Huck)
60)   08-21077 (Huck)
61)   08-21078 (Gold)
62)   08-21079 (Moreno)
63)   08-21080 (Ungaro)
64)   08-21098 (Huck)
65)   08-21099 (King)
66)   08-21100 (Seitz)
67)   08-21118 (Moreno)
68)   08-21119 (Moreno)
69)   08-21120 (Gold)
70)   08-21121 (King)
71)   08-21122 (Seitz)
72)   08-21123 (Lenard)

73)   08-21124 (Huck)
74)   08-14132 (Graham)
75)   08-14133 (Martinez)
76)   08-14134 (Martinez)
77)   08-14136 (Graham)
78)   08-14137 (Martinez)
79)   08-14142 (Graham)
80)   08-14144 (Graham)
81)   08-14145 (Graham)
82)   08-21152 (Martinez)
83)   08-21153 (Gold)
84)   08-21157 (Huck)
85)   08-21158 (Altonaga)
86)   08-21159 (Huck)
87)   08-21160 (Ungaro)
88)   08-21161 (Altonaga)
89)   08-21162 (Jordan)
90)   08-21172 (Huck)
91)   08-21173 (Gold)
92)   08-21174 (Moreno)
93)   08-21175 (Hoeveler)
94)   08-21176 (Martinez)
95)   08-21177 (King)
96)   08-21181 (Martinez)

{FT438962;2}

| | | | | |
|---|---|---|---|---|
| 97) | 08-21182 (Jordan) | | 117) | 08-21223 (King) |
| 98) | 08-21183 (Seitz) | | 118) | 08-21224 (Altonaga) |
| 99) | 08-21184 (King) | | 119) | 08-21225 (Jordan) |
| 100) | 08-21186 (Huck) | | 120) | 08-21226 (Gold) |
| 101) | 08-21187 (Altonaga) | | 121) | 08-21253 (King) |
| 102) | 08-21188 (Altonaga) | | 122) | 08-21255 (Moreno) |
| 103) | 08-21189 (Ungaro) | | 123) | 08-21256 (King) |
| 104) | 08-21190 (Altonaga) | | 124) | 08-21257 (Seitz) |
| 105) | 08-21193 (Jordan) | | 125) | 08-21285 (Huck) |
| 106) | 08-21194 (Ungaro) | | 126) | 08-21286 (Huck) |
| 107) | 08-21195 (Ungaro) | | 127) | 08-21288 (Huck) |
| 108) | 08-21196 (Moreno) | | 128) | 08-21293 (Huck) |
| 109) | 08-21197 (Hoeveler) | | 129) | 08-21294 (Huck) |
| 110) | 08-21198 (Seitz) | | 130) | 08-21295 (Huck) |
| 111) | 08-21199 (King) | | 131) | 08-21296 (Huck) |
| 112) | 08-21200 (Huck) | | 132) | 08-21297 (Huck) |
| 113) | 08-21201 (Seitz) | | 133) | 08-21298 (Huck) |
| 114) | 08-21220 (Moreno) | | 134) | 08-21299 (Huck) |
| 115) | 08-21221 (Moreno) | | | |
| 116) | 08-21222 (Lenard) | | | |

{FT438962;2}

- 3 -

135)   08-21305 (Huck)

136)   08-21309 (Huck)

137)   08-21316 (Huck)

138)   08-21354 (Huck)

139)   08-21357 (Huck)

140)   08-21370 (Huck)

141)   08-21372 (Huck)

142)   08-21386 (Huck)

143)   08-21498 (Huck)

144)   08-14156 (Huck)